UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kathy Combs<br><br>    Plaintiff,<br><br>v.<br><br>Fulton, Friedman & Gullace, LLP<br><br>    Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

### **PARTIES**

1. Plaintiff, Kathy Combs, ("Kathy"), is a natural person who resided in Schaumburg, Illinois, at all times relevant to this action.

2. Defendant, Fulton, Friedman & Gullace, LLP, ("FFG"), is a New York Limited Liability Partnership that maintained its principal place of business in Rochester, New York, at all times relevant to this action.

### **JURISDICTION AND VENUE**

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

### **STATEMENT OF FACTS**

5. At all times relevant to this action, FFG collected consumer debts.

6. FFG regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. FFG is a "debt collector" that regularly collects consumer debts as defined by 15 U.S.C. §1692a(6).

8. As described, *infra*, FFG contacted Kathy to collect a debt that was incurred primarily for personal, family, or household purposes.

9. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

10. Kathy is a "consumer" as defined by 15 U.S.C. §1692a(3).

11. Kathy is a "person" and "consumer" as defined by 815 ILCS §§ 505/1(c) and 505/1(e).

12. FFG filed a lawsuit against Kathy in 2012 for unpaid debt.

13. Kathy believes she was not properly served, as she did not hear about the lawsuit until she received a notice from the court indicating there was a judgment against her with a court date she knew nothing about.

14. Kathy went to court in January 2013 and met with an attorney, whom Kathy believed was an employee of the court, but in actuality was a FFG attorney, Bradley Sayad, ("Bradley").

15. Kathy believed she was getting assistance in defending herself in the lawsuit and made Bradley aware of this by her statements, but Bradley never attempted to correct Kathy's beliefs, thus misrepresenting his identity to Kathy.

16. Bradley never introduced himself as representing FFG and told Kathy she didn't have to do anything; Bradley said he would take care of everything and Kathy did not have to worry.

17. Kathy, believing Bradley was considering representing her, disclosed personal information to Bradley, which was later used against Kathy by FFG.

18. Kathy's wages are currently being garnished as a result of the court judgment.

19. Kathy believes she has satisfied the account in full and the garnishment should have ended.

20. Kathy's attempts to obtain statements, balances and information regarding how much is owed from FFG have failed due to FFG refusing to provide any information.

21. On multiple occasions, FFG has abruptly hung up on Kathy.

22. In response to a communication it received from FFG, Kathy's employer contacted FFG.

23. During this communication, FFG disclosed to Kathy's employer information about another account which had not been reduced to judgment, thus disclosing information about a debt to a third party without Kathy's consent.

24. This disclosure to Kathy's employer was extremely embarrassing to Kathy.

25. FFG caused Kathy severe emotional distress.

26. FFG attempted to collect a debt from Kathy.

27. FFG violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

### COUNT THREE

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

### COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

### COUNT FIVE

### Violation of the Illinois Consumer Fraud and Deceptive Businesses Practices Act

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. Defendant violated 815 ILCS 505/2 by using fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact in the conduct of any trade or commerce.

### JURY DEMAND

38. Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

39. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. Judgment against Defendants for actual damages, punitive damages, and injunctive relief pursuant to 815 ILCS 505/10a.

c. For such other legal and/or equitable relief as the Court deems appropriate.

>RESPECTFULLY SUBMITTED,

>Hyslip & Taylor, LLC, LPA


>By: /s/ Jeffrey S. Hyslip
>One of Plaintiff's Attorneys

Date: September 2, 2013

Jeffrey S. Hyslip, Esq.
917 W. 18th St., Suite 200
Chicago, IL 60608
312-380-6110
jeffrey@lifetimedebtsolutions.com

5